**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
HERBERT J. STERN
JUDGE

UNITED STATES COURT HOUSE
NEWARK, NJ 07101

May 29, 1986

David R. Kott, Esquire
McCarter & English
550 Broad Street
Newark, New Jersey 07102-4578
(Attorneys for Plaintiff)

Thomas W. Greelish
United States Attorney
Federal Building
970 Broad Street
Newark, New Jersey 07102

and

Robert L. Handros
Trial Attorney - Tax Division
U.S. Department of Justice
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044
(Attorneys for Defendant
United States of America)

Milton D. Liebowitz, Esquire
Liebowitz & Liebowitz
50 Grand Avenue
P.O. Box 232
Englewood, New Jersey 07631
(Attorney for Defendant
Helen Hardy)

Louis A. Novellino, Esquire
522 Clubhouse Drive
Middletown, New Jersey 07749
(Bankruptcy Trustee for
David L. Hardy)

Jay Joseph Friedrich, Esquire
Honig & Friedrich
167 Franklin Turnpike
Waldwick, New Jersey 07643
(Attorneys for Defendant
Estate of David L. Hardy)

Edward J. Hobbie, Esquire
476 South Avenue
East Cranford, New Jersey 07016
(Registered Agent for Defendant
International Polygraphics, Inc.)

Peter M. Edelstein, Esquire
Edelstein & Lochner
495 Main Street
Armonk, New York 10504
(Attorneys for Defendant
J & K Silkscreening Corp.)

Jeanne E. Gorrissen
Deputy Attorney General
Hughes Justice Complex
CN 112
Trenton, New Jersey 08625
(Attorney for Defendant
State of New Jersey)



FILED
MAY 30 1986
At 8:30
ALLYN Z. LITE
                      M

Re: Berkshire Life Insurance Company v.
    United States of America, et als.
    Civil Action No. 86-82
    LETTER-OPINION

Plaintiff brings this action in interpleader to resolve conflicting claims to life insurance proceeds payable by reason of the death of one David Hardy. Conflicting claims are or may be asserted by the United States under filed tax liens, by the State of New Jersey, and by the additional defendants.

Plaintiff has moved for an order granting judgment in interpleader, entering a default against defendant International Polygraphics, Inc., enjoining parties to this action from bringing or prosecuting any proceedings with respect to these insurance proceeds against anyone in any state or United States court, and for costs and attorney's fees.

None of the defendants oppose plaintiff's motion for a judgment in interpleader, and it will be granted.

Plaintiff's motion to enjoin all parties to this action from engaging in any other legal proceedings with respect to these insurance benefits is unnecessary and overbroad. There are at present no state court proceedings, nor do any appear to be contemplated. The Estate of David Hardy is, however, in bankruptcy, and this Court is wary of entering an order infringing on the powers of the bankruptcy court. This Court's order of judgment in interpleader will sufficiently protect plaintiff from double liability, Francis I. du Pont v. Sheen, 324 F.2d 3, 6 (3d Cir. 1963), and the Court perceives in this matter no threat to its jurisdiction from additional suits, Pan American Fire & Casualty Company v. Revere, 188 F. Supp. 474, 484 (E.D. La. 1960). The motion for an injunction will be denied.

Lastly, the plaintiff asks for an award of costs and attorney's fees, to be paid out of the fund.

At this stage of the litigation, it is not clear whether all or part of the fund will be awarded to the United States. Plaintiff admits that the traditional rule that costs and fees may be paid from such a common fund does not apply if such payment would reduce the amount payable to the United States on the tax liens. United States v. Wilson, 333 F.2d 147, 149 (3d Cir. 1964). Under this rule, an award of fees before a determination of the government's claim would be premature.

The plaintiff argues that the Equal Access to Justice Act, 28 U.S.C. § 2412(b), repeals the traditional rule. And, at first glance, it appears to do so, by establishing that the United States is liable for attorney's fees "to the same extent that any other party would be liable under the common law." Three circuit courts, however, have ruled otherwise, Cable Atlanta, Ind. v. Project, Inc., 749 F.2d 626, 628 (11th Cir. 1984); Chevron

U.S.A. Inc. v. May Oilfield Services, Inc., 739 F.2d 498, 499 (10th Cir. 1984); Millers Mutual Insurance Ass'n of Illinois v. Wassall, 738 F.2d 302, 304 (8th Cir. 1984).

The three appellate court opinions rely on the sections of the Internal Revenue Code creating federal tax liens, 26 U.S.C. §§ 6321 and 6322. Plaintiff argues that the simple existence of the liens does not establish their primacy.

It is not necessary for this Court to rule on this statutory conflict because Congress amended the Equal Access to Justice Act in 1982 to explicitly exempt any proceeding "brought by or against the United States in connection with the determination, collection or refund of any tax, interest or penalty" under the Internal Revenue Code, 28 U.S.C. § 2412(c), incorporating by reference 26 U.S.C. § 7430(a).

This amendment was made effective in proceedings brought after February 28, 1983 -- that is, after suit was brought in Cable Atlanta, Inc. v. Project, Inc., 572 F. Supp. 1113, 1114 (N.D. Ga. 1983); in Chevron U.S.A., 739 F.2d at 499, and doubtless in Millers Mutual as well. Thus it is no longer necessary, as it was in those proceedings, to construe the relative primacy of the Equal Access to Justice Act and the tax lien sections of the Internal Revenue Code.

Plaintiff argues that § 7430 is, in its words, "intended to permit an award of litigation costs in an action to determine tax liability" and thus is inapplicable to this action. As of December 31, 1985, the section has not served to permit an award to anyone, 26 U.S.C. § 7430(f); however, it survives as the definitional section of an exception to the Equal Access to Justice Act, 28 U.S.C. § 2412(c).

There is no doubt that this interpleader action against the United States and other defendants meets that definition. Clearly, it is brought "in connection with the determination [or] collection" of tax, and thus is exempted from the Equal Access to Justice Act. Once the determination of the tax is made, plaintiff may apply for costs and fees out of the remainder. The present application for costs and fees is denied.

Very truly yours,

HERBERT J. STERN
United States District Judge

Orig. to Clerk, U.S. District Court
    Newark, New Jersey